UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Unice, *on behalf of himself and all others similarly situated* | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| Vizio, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Class Action Complaint, Plaintiff, James Unice, by and through undersigned counsel, pleading on his own behalf and on behalf of others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, James Unice ("Plaintiff"), brings this putative class action, on behalf of himself, and a putative class of an estimated millions of consumers against Vizio, Inc. ("Vizio" or "Defendant").

2. This putative class action is based on the Vizio's sales of televisions that were warranted and marketed as "energy efficient" and "Energy Star" certified, when in fact Vizio deployed software that automatically disables energy-saving features whenever any picture settings are changed, without the knowledge of the consumer.

3. Vizio was founded in 2002 by William Wang, Laynie Newsome, and Ken Lowe. By 2007 Vizio's sales had reached just under $2 billion.[1]

4. Crucial to Vizio's success has been its sales in North America. Indeed, in the second quarter of 2007 Vizio became the largest LCD TV seller (by volume) in North America.[2]

---

[1] http://www.wsj.com/articles/SB120820684382013977
[2] https://www.cnet.com/news/vizio-tops-in-lcd-tv-sales-in-second-quarter/

At the close of the 2015 fiscal year, Vizio was 160th on Forbes' America's Largest Private Companies list, with sales at $2.9 billion.[3]

5.     ENERGY STAR is a U.S. Environmental Protection Agency ("EPA") voluntary program that helps businesses and individuals save money and protect the climate through superior energy efficiency.

6.     In 1992, the EPA introduced ENERGY STAR as a voluntary labeling program designed to identify and promote energy-efficient products to reduce greenhouse gas emissions. The ENERGY STAR label is now on major appliances, office equipment, lighting, new homes, and electronics.[4]

7.     The ENERGY STAR label is attractive to consumers.  ENERGY STAR certified televisions are on average, 25 percent more energy efficient than conventional models, saving energy in all usage modes: sleep, idle, and on.  The label can be found on everything from standard TVs to large screen TVs with the latest features like ultra high-definition ("UHD").  A home equipped with TVs, a Blue-Ray player, a compact audio system, a cordless telephone and a home-theatre-in-a-box that have earned the ENERGY STAR, can save nearly $200 over the life of the products.[5]

8.     According to its website, several 2016 E-Series and D-Series, as well as 2015 E-Series Vizio model televisions were awarded the ENERGY STAR Most Efficient Designation.[6]

9.     In 2015, the National Resource Defense Counsel ("NRDC") and Ecos Research "Ecos" conducted comprehensive laboratory testing of selected televisions, as well as additional in-store testing to observe the persistence of key energy-saving features.

---

[3] http://www.forbes.com/companies/vizio/
[4] https://www.energystar.gov/products/electronics/televisions.
[5] *Id.*
[6] https://www.vizio.com/environment

10. According to its September 2016 report, some of the leading television manufacturers, including Vizio, "have designed their TVs to disable energy-saving features whenever users change the main picture setting."[7]

11. Vizio has profited immensely from the selling its televisions as energy efficient, through ENERGY STAR labeling, having earned over billions of dollars for units sold in North America alone.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(2) as the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which a member of the class of plaintiffs is a citizen of a State different from any defendant.

13. Additionally, this Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1391, because said claims derive from a common nucleus of operative facts.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial portion of the events giving rise to Plaintiff and Class and/or Collective Action Members' claims occurred in the Western District of Pennsylvania, as Vizio: (1) is authorized to conduct business in this District, and has intentionally availed itself to the laws and markets within this District through the promotion, marketing, distribution and sale of its products in this District, (2) presently does substantial business in this District, and (3) is subject to personal jurisdiction in this District.

---

[7] https://www.nrdc.org/sites/default/files/costs-manufacturers-exploiting-loopholes-tv-energy-test-report.pdf.

**PARTIES**

15. At all relevant times Plaintiff was a resident of Uniontown, Pennsylvania, and a citizen of the state of Pennsylvania.

16. Plaintiff on behalf of himself, and the putative National class, and Pennsylvania sub-class, brings this class action lawsuit against Vizio.

17. Defendant Vizio is a California corporation with its headquarters in Irvine, California.

**FACTUAL ALLEGATIONS**

18. In 2015 Plaintiff purchased a Vizio television; model E32h-C1, serial number LTTDSJBR1607317.

19. The television was ENERGY STAR certified through representations made on the box, as well as retailer's websites.[8]

20. After completing the installation instructions, Plaintiff made changes to the television's contrast, and backlight settings, as well as the picture settings; prior to making the changes Plaintiff was not warned that the changes would reduce energy efficiency, causing him to incur additional charges on his electricity bill.

21. Vizio televisions sold in 2015 and 2016 were tested by the U.S. Department of Energy ("DOE") to measure TV energy use.

22. The DOE requires that energy use of new TV models be tested while playing a 10-minute video of assorted content developed by the International Electrotechnical Commission

---

[8] https://www.walmart.com/ip/VIZIO-E32h-C1-32-720p-60Hz-Full-Array-Class-LED-Smart-HDTV/43310244; http://www.samsclub.com/sams/vizio-32-direct-led/prod17710147.ip

(IEC) standards organization and meant to represent typical viewing. The testing is conducted with the default settings.[9]

23.     The results of the testing allow consumers to compare the TV's energy use against the energy use of similar-size models before purchase.[10]

24.     The test conducted by the DOE consisted of a 10-minute video loop used for measuring and reporting average TV power, and was a collection of unusually short scenes that is not representative of most real-world content.[11]

25.     The DOE test does not account for the extra energy used as a result of the increased brightness of the television screen.[12]

26.     In 2015, the NRDC and Ecos conducted comprehensive laboratory testing of select Vizio televisions; the results showed that Vizio designed its TVs to disable energy-saving features whenever users change the main picture setting.[13]

27.     For example, Vizio televisions disable key energy-saving features when the user changes the default picture setting (e.g., from Normal to Cinema, Sports, or Vivid).[14]

28.     A few seemingly harmless clicks, without warning, can as much as double the cost to operate a TV over its 10-year lifetime, costing owners an extra $100 to $200 in energy bills.[15]

29.     The NRDC and Ecos test results showed that the clip developed by the IEC and used by the DOE contained much shorter scenes and more frequent cuts between them than

---

[9] https://www.nrdc.org/sites/default/files/costs-manufacturers-exploiting-loopholes-tv-energy-test-report.pdf.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

typical real-world content from sports, dramas, and news programs; simply put this feature saved more energy during the official government testing than it does when consumers view programming most people typically watch.[16]

30. With regard to Vizio televisions, the NRDC report found that some Vizio TVs had Automatic Brightness Control. The testing revealed:

> "When present, ABC was enabled by default and was often set at medium…Given the likely preference for best picture quality, the average user will be tempted to select the Calibrated mode, which automatically disables ABC, as our qualitative testing showed. The backlight level then jumps from 75 to 100, which tends to push power consumption higher."[17]

31. The NRDC report questioned the intentions of Vizio and its competitors, stating "it's conceivable that some manufacturers might be exploiting the abnormally high frequency of scene changes in the IEC test clip to maximize the effect of MDD and obtain a better energy efficiency score, thereby gaining a competitive advantage."[18]

32. Additionally, the NRDC report found that playing movies in high dynamic range ("HDR") is likely to significantly increase future TV energy use, and that "TV energy use increased by approximately 30 percent to 50 percent while playing the ultra high definition ("UHD") + HDR version of a movie compared with the one produced in UHD.[19]

33. In conclusion, the NRDC recommended that "certain manufactures should discontinue their inappropriate practice of deploying software that automatically disables energy-saving features – mostly without consumer knowledge – whenever certain picture settings are changed."[20]

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

34. Vizio engaged in a deceptive practice of automatically disabling energy saving features without warning to Plaintiff when changes were made to the television's default settings, thereby causing Plaintiff to incur additional costs on his electricity bill.

35. Vizio fraudulently induced Plaintiff to purchase a television through its marketing ploy of labeling its television "ENERGY STAR certified," when in fact ordinary changes to the television's default settings doubled the energy usage of the television.

36. Vizio failed to disclose to Plaintiff at the time of sale that it had installed a defeat device in the subject television, reduce the energy efficiency of the television.

37. Notably, the NRDC met with Vizio to discuss its findings, and the company said it is considering changing its TV software to increase the persistence of energy-saving features.[21]

## CLASS ACTION ALLEGATIONS

**A. The Class**

38. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

39. Plaintiff represents, and is a member of the following putative class (the "Class"):

**All persons within the United States who purchased a 2015 or 2016 ENERGY STAR certified Vizio television, with a screen size of 32 inches or greater.**

40. Plaintiff also seeks to represent the following proposed subclass (the "Pennsylvania subclass"):

**All persons residing in the state of Pennsylvania who purchased a 2015 or 2016 ENERGY STAR certified Vizio television, with a screen size of 32 inches or greater.**

---

[21] *Id.*

41.     The definition of the putative class is narrowly tailored so as to include only identifiable members who purchased a Vizio model television within the past two years, with a screen greater than 32 inches.

**B. Numerosity**

42.     The proposed classes are so numerous that the individual joinder of all its members, in this or any action, is impracticable.  The exact number or identification of the members of the putative classes is presently unknown to Plaintiff, but it is believed to include over 1,000,000 consumers worldwide, thereby making joinder impractical.

43.     The exact number and identities of the Class members are unknown at this time, and can only be ascertained through discovery.  Identification of Class members is a matter capable of ministerial determination from Defendant's records.

**C.  Common Issues of Law and Fact**

44.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include, but are not limited to:

    a. Whether Vizio installed a "defeat device" causing changes to the television's default settings to increase energy usage;

    b. Whether Vizio owed a duty to notify consumers that changes to the television's default settings would increase energy usage;

    c. Whether Vizio deliberately designed its televisions to draw less power during government testing than in ordinary use;

    d. Whether Vizio misrepresented their televisions as energy efficient;

    e. Whether Vizio failed to warn consumers that playing movies produced in HDR on a HDR capable TV would significantly increase energy use;

    f. Whether Vizio televisions were improperly given an ENERGY STAR certification.

45. The common questions in this case are capable of having common answers. If Plaintiff's claim that Vizio willfully or negligently, in breach of contract, and applicable state or federal law misrepresented the energy usage of their televisions, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for himself and all other putative class members.

### D.  Typicality

46. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

### E.  Protecting the Interest of Class Members

47. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has an interest which might cause them not to vigorously pursue this action.

### F. Proceeding via Class Action is Superior and Advisable

48. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

49. Management of this class action is unlikely to present any difficulties.

50. The prosecution of separate actions by individual members of the Class would create a foreseeable risk of inconsistent and varying adjudications, leading to differentiating results and standards for Defendant.

51. As a sensible matter, adjudications with respect to individual members of the class be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their own separate interests.

## COUNT I
### For Breach of Express Warranties

52. Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

53. In connection with the sale of the subject televisions, Vizio expressly warranted that, among other things:

   a. The subject televisions were ENERGY STAR certified

   b. Plaintiff and Class Members would enjoy a crystal-clear picture while saving energy with technology that intelligently adapts the screen's brightness to the intensity of the light in the room.

54. Vizio breached these express warranties in that the subject televisions were equipped with installed software, which caused changes to the televisions' default settings to increase energy consumption, without notice or warning to Plaintiff and Class Members.

55. Vizio breached these express warranties in that common, ordinary, changes to the televisions' brightness, contrast, and picture settings increase energy usage, causing Plaintiff and Class Members to incur increased cots on their electricity bills.

56. As a result of said software, Plaintiff and Class Members cannot reasonably rely on the subject televisions' labels as ENERGY STAR certified for their ordinary, everyday use.

57. As a result of breach of express warranties, Plaintiff and Class Members have been damaged.

## COUNT II
### For Violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 72 P.S. § 201-1, et seq.

58. Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

59. Vizio violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, which prohibits unfair methods of competition and unfair or deceptive acts or practices, and outlaws conduct, including, but not limited to:

"Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

Using deceptive representations or designations of geographic origin in connection with goods or services;

Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have;

Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

Advertising goods or services with intent not to sell them as advertised;

Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;

Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.[22]

60. Vizio's actions were consumer-oriented, in a manner that was misleading in a material way to Plaintiff and the putative class, and Plaintiff and the putative class suffered injury as a result of Vizio's deceptive act.

61. Vizio violated Pennsylvania's' Unfair Trade Practices and Consumer Protection Law by representing its televisions as ENERGY STAR certified, while selling them with pre-installed software, causing changes made to a television's settings to reduce the energy efficiency of the television, thereby causing Plaintiff and Class Members to incur additional electricity costs.

62. Vizio violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law by representing its televisions as ENERGY STAR certified, while intentionally designing its televisions to draw less power during DOE testing, thereby fraudulently representing the true nature of the television's energy usage.

63. Vizio violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law by representing its televisions as ENERGY STAR certified, without notifying Plaintiff and Class members that changes made to the televisions default settings greatly increase energy usage, thereby causing Plaintiff and Class Members to incur additional electricity costs.

---

[22] 72 P.S. § 201-2(4)(ii, iv, v, vii, ix, xiv, xxi)

64.     Vizio violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law by representing its televisions as ENERGY STAR certified, without notifying Class members that viewing movies produced in HDR on a HDR-capable TV would increase energy usage, thereby causing Plaintiff and Class Members to incur additional electricity costs.

65.     As a result of Vizio's misrepresentations, Plaintiff and Class Members have suffered damages.

## COUNT III
## For Breach of Contract

66.     Plaintiff, individually, and on behalf of all other similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

67.     Every purchase of a subject television from an authorized dealer of Vizio constitutes a contract between Vizio and the purchaser.

68.     Vizio materially breached these contracts by selling to Plaintiff and Class Members non-compliant, non-energy efficient televisions and failing to disclose the pre-installed software designed to reduce the energy efficiency of subject televisions when changes to default settings are made.  As a result, said televisions are substantially less valuable than televisions Vizio advertised and promised to deliver to Plaintiffs and Class Members.

69.     Vizio's misrepresentations and omissions contained in the body of this Complaint, including Vizio's misrepresentation of the energy efficient capability of its subject televisions, caused Plaintiff and Class Members to enter into their agreements to purchase the subject televisions.  Absent those misrepresentations and omissions, Plaintiff and Class Members would not have purchased their televisions, would not have purchased their televisions at the price they paid, and/or would have purchased alternative televisions that did not contained pre-installed software designed to increase the energy output of the televisions.  Accordingly,

Plaintiff and Class Members suffered injury, as they overpaid for their subject televisions and did not receive the benefit of their bargain.

70.  As a direct and proximate result of Vizio's breach, Plaintiff and Class Members have been damaged.

## COUNT IV
### For Unjust Enrichment

71.  Plaintiff, individually, and on behalf of all other similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

72.  Vizio has benefited from selling at unjust profit non-energy efficient, otherwise labeled ENERGY STAR certified and purported to be energy efficient, televisions whose value was artificially inflated due to Vizio's concealment of the pre-installed software designed to alter key energy-saving features.

73.  Vizio has received and retained unjust benefits from Plaintiff and Class Members, and inequity has resulted.

74.  It is inequitable and unconscionable for Vizio to retain these benefits.

75.  Because Vizio concealed its fraud and deception, Plaintiff and Class Members were not aware of the true specifications (i.e., energy usage), concerning the subject televisions and did not benefit from Vizio's misconduct.

76.  Vizio knowingly accepted the unjust benefits of its fraudulent conduct.

77.  As a result of Vizio's fraud, misconduct, and concealment, the amount of its unjust enrichment should be disgorged and returned to Plaintiff and Class Members, at an amount to be proven at trial.

## COUNT V
## For Breach of Obligation of Good Faith and Fair Dealing

78. Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

79. Vizio breached its obligation of good faith and fair dealing by intentionally designing subject televisions to draw less power during DOE testing, thereby fraudulently representing the true nature of the television's energy usage, leading to improper ENERGY STAR certification.

## COUNT VI
## For Fraudulent Inducement

80. Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

81. To induce Plaintiff and Class Members to purchase the subject televisions, Vizio made representations as to the subject television's energy saving capabilities.

82. Among the representations Vizio made to Plaintiff and Class Members was that they could "enjoy a crystal-clear picture while saving energy with technology that intelligently adapts the screen's brightness to the intensity of the light in the room.

83. Moreover, Vizio represented the subject televisions as ENERGY STAR certified, without warning Plaintiff and Class Members that changes to the television's default settings would affect the nature of the subject TVs energy saving capabilities.

84. Thereafter, Plaintiff and Class Members discovered that, unbeknownst to them, Vizio fraudulently installed software in each subject television, which altered the subject television's actual level of energy usage.

85. As a result of Vizio's fraudulent inducement, Plaintiff and Class Members have been injured.

## COUNT VII
### For Fraudulent Misrepresentation

86. Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

87. Vizio fraudulently represented the subject televisions as energy saving, when ordinary changes to the subject TVs default settings made by everyday users increased the energy production of the televisions.

88. Incredibly, Vizio represented the subject televisions as ENERGY STAR certified, without representing that changes made to the television's default settings would affect the nature of the subject TVs energy saving capabilities.

89. Likewise, Vizio represented the subject televisions as ENERGY STAR certified, and energy efficient, where viewing movies produced in HDR on a HDR-capable television would actually increase energy usage, thereby increasing costs of electricity for Plaintiff and Class Members.

90. All acts of Vizio complained of herein were committed with malice, intent, wantonness, and recklessness, and overall were egregious in nature, and as such, Plaintiff and Class Members are entitled to punitive damages.

## COUNT VIII
### For Common Law Fraud

91. Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

92. As detailed at length above, Vizio intentionally concealed and suppressed material facts concerning the energy usage of the subject televisions in order to defraud and mislead Plaintiff and Class Members about the true extent of the subject televisions' energy consumption.

93. Vizio accomplished its scheme to defraud, and concealment thereof, by installing software capable of changing the energy usage of the subject televisions when consumers changed default settings on their televisions, without warning.

94. Ordinary usage and common changes made to the subject televisions' default settings increased energy usage, causing Plaintiff and Class Members to incur increased electricity costs, without their knowledge, all the while believing they purchased an energy efficient television.

95. Moreover, Vizio represented the subject televisions as ENERGY STAR certified, and energy efficient, where viewing movies produced in HDR on a HDR-capable television would actually increase energy usage, thereby increasing costs of electricity for Plaintiff and Class Members.

96. As a result of Vizio's scheme to defraud, and concealment thereof, Plaintiff and Class Members suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant as follows:

1. For an order certifying this action and/or common issues raised herein as a Class Action under the appropriate Federal Rule of Civil Procedure 23(a), 23(b), and

23(c); further designating Class Representatives, appointing the undersigned as class counsel;

2. Notice of class certification and of any relief to be published to all Class Members, and for such other notices deemed appropriate by this Court under Fed R. Civ. P. 23(d)(s) ;

3. An order forbidding Vizio from destroying or removing any computer or similar records with evidence related to Vizio's sales records, or this action;

4. An order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Vizio, concerning, relating to, or involving energy usage of subject televisions;

5. An order preventing Vizio from attempting, by any means, on its own or through its agents, to persuade any putative Class Members to sign any documents which in any way release any of the claims of any Putative Class Members;

6. An award of statutory damages;

7. Awarding punitive damages as allowed by law, in an amount to be proven at trial;

8. An award of compensatory damages in an amount to be determined for all injuries and damages contained herein;

9. For an award of restitution and disgorgement of Vizio's revenues to Plaintiff and the proposed Class Members;

10. Declaratory and Injunctive relief as permitted by law or equity, including enjoining Vizio from continuing the unlawful practices discussed herein, and directing Vizio to identify, with Court supervision, victims of its conduct and pay them, restitution

and disgorgement of all monies acquired by Vizio by means of any act or practice declared by the Court to be wrongful;

11. Ordering Vizio to engage in a corrective advertising campaign;

12. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

13. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 12, 2016

Respectfully submitted,

By: /s/ Jody B. Burton
Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*